Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000425
28-JUN-2013
08:19 AM

NO. CAAP-13-0000425

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STEPHANIE C. STUCKY,
Complainant-Appellant/Appellant,
v.
DWIGHT TAKENO, HSTA, Interim Executive Director, et al,
Respondents-Appellees/Appellees,
and
HAWAI'I LABOR RELATIONS BOARD, STATE OF HAWAI'I,
Intervenor-Agency/Appellee/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0704(2))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Upon consideration of (1) the motion to dismiss appeal
(Motion to Dismiss) filed on May 17, 2013 by Respondents/
Appellees/Appellees Dwight Takeno, HSTA Interim Executive

Director; Ray Camacho, HSTA Deputy Executive Director; Eric Nagamine, HSTA UniServ Director; David Forrest, HSTA Uniserv Director; and Hawaii State Teachers Association (collectively, HSTA); (2) the joinder in the Motion to Dismiss, filed on May 20, 2013 by Intervenor-Agency/Appellee/Appellee Hawaii Labor Relations Board (HLRB); (3) the papers in support and in opposition; and (4) the record on appeal filed on June 24, 2013, and the files herein, it appears that we lack jurisdiction over the appeal that Complainant/Appellant/Appellant Stephanie C. Stucky (Stucky) has asserted from the Honorable Peter T. Cahill's March 25, 2013 findings of fact, conclusions of law and order (March 25, 2013 Circuit Court Order), because the circuit court has not reduced the March 25, 2013 Circuit Court Order to a separate judgment, as Rules 58 and 72(k) of the Hawai'i Rules of Civil Procedure (HRCP) require in an administrative appeal from a circuit court pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 2012).

"Review of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (2012 Repl.). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2012). Under HRS § 641-1(a), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure

(HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." <u>Alford v. City and Count of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted). For example, the Supreme Court of Hawai'i has held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that '<u>every judgment be set forth on a separate document</u>.'" <u>Price v. Obayashi Hawaii Corporation</u>, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996)(emphasis added). "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor of or against the party <u>by the time the record is filed</u> in the supreme court will be dismissed." <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76

Hawai'i at 120, 869 P.2d at 1339 (footnote omitted) (emphasis added). Additionally, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis in original).

Although the instant case involves an administrative appeal, HRCP Rule 72(k)[1] similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). The requirement of a separate judgment and requirement that the judgment resolve all claims or provide the necessary finding for certification under HRCP Rule 54(b) under the holding in Jenkins v. Cades Schutte Fleming & Wright applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. See, e.g., Raquinio v. Nakanelua, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Therefore, where a circuit court failed to reduce dispositive orders in an administrative appeal to a separate judgment, we dismissed the appeal for lack of jurisdiction:

---

[1] Rule 81(e) of the Hawai'i Rules of Civil Procedure (HRCP) requires that the Hawai'i Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

> In Raquinio's case, the requirements of HRCP Rules 58 and 72(k) and <u>Jenkins</u> apply and have not been satisfied. Therefore, Raquinio's appeal is premature, and we do not have appellate jurisdiction.
>
> Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

<u>Id.</u>

Likewise in the instant administrative appeal, the requirements of HRCP Rule 58, HRCP Rule 72(k) and <u>Jenkins v. Cades Schutte Fleming & Wright</u> apply, and yet the requirements for appealability have not been satisfied because the March 25, 2013 Circuit Court Order has not been reduced to a separate judgment that, on its face, resolves all claims in this case by either entering judgment in favor of and against the appropriate parties or that contains the appropriate finding and certification under HRCP Rule 54(b). On June 24, 2013, the record on appeal for appellate court case number CAAP-13-0000425 was filed, by which time the circuit court had not entered an appropriate separate judgment in this case. Therefore, the March 25, 2013 Circuit Court Order is not an appealable judgment. Although exceptions to the final order requirement exist under the <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848), doctrine (the <u>Forgay</u> doctrine) and the collateral order doctrine, the March 25, 2013 Circuit Court Order does not satisfy the requirements for appealability under the <u>Forgay</u> doctrine or the collateral order doctrine. <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral

order doctrine). Absent an appealable judgment, Stucky's appeal is premature, and we lack jurisdiction over this appeal. Accordingly,

IT IS HEREBY ORDERED that the Motion to Dismiss is granted, and appellate court case number CAAP-13-0000425 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 28, 2013.

Chief Judge

Associate Judge

Associate Judge